IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NEW DOMINION, LLC, an Oklahoma limited liability company; and SOUTH D LLC, an Oklahoma limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-24-376-D |
| CLEAR SPRING PROPERTY AND CASUALTY COMPANY, a foreign for-profit insurance corporation; and WISE UNDERWRITING AGENCY LTD., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Upon examination of the Notice of Removal [Doc. No. 1], the Court finds insufficient factual allegations to establish the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a), as asserted by Defendant Clear Spring Property and Casualty Company (Clear Spring).[1]

There are several issues with Clear Spring's notice. First, Clear Spring attempts to allege that complete diversity exists between Plaintiffs and Clear Spring, but its notice is silent as to the citizenship of Defendant Wise Underwriting Agency, Ltd. (Wise Underwriting). Clear Spring has also omitted Wise Underwriting from the case style without explanation.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

1

Next, apart from a blanket allegation that complete diversity exists between Plaintiffs and Clear Spring, Clear Spring alleges only that "Plaintiffs are domestic limited liability companies organized and existing under the laws of the State of Oklahoma." [Doc. No. 1, at ¶ 16]. The citizenship of a limited liability company is determined by the citizenship of its members. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018). Clear Spring's notice of removal fails to specifically identify Plaintiffs' members and the citizenships of those members.

Further, Clear Spring's notice of removal fails to allege its own citizenship. For purposes of diversity jurisdiction, a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The notice of removal must identify the state by which Clear Spring has been incorporated and the state where it has its principal place of business. *See Spring Creek Expl. & Prod. Co., LLC*, 887 F.3d at 1014 ("The party seeking the exercise of jurisdiction in [its] favor must allege in [its] pleading the facts essential to show jurisdiction.") (quotations omitted).

Accordingly, the Court **DIRECTS** Clear Spring to file an amended notice of removal, within fourteen days of this Order, which supplies the missing jurisdictional information regarding Plaintiffs, Clear Spring, and Wise Underwriting. If any member of Plaintiffs or Wise Underwriting is itself a business entity, then further jurisdictional information pertaining to that member is required. If any member is an individual, then jurisdictional information regarding the individual's state of citizenship, rather than state

of residency, is required. Failure to comply may result in the remand of this action to state court.

**IT IS SO ORDERED** this 17th day of April, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge